of Pennington County; therefore, it must be treated as a suit against Pennington County. *Id.* at 578 (citing *Hafer v. Melo,* 502 U.S. 21, 25, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991)). "[I]n a § 1983 action, a municipality may only be held liable for constitutional deprivations if the deprivation is the result of a policy or custom of the municipality." *Id.* at 578–79. Accordingly, even if Marshall had demonstrated that a constitutional deprivation occurred, his claim against Pennington County would fail, for he has pointed to no evidence that the County had a policy or custom of deliberate indifference to an inmate's medical needs.

The judgment is affirmed. *See* 8th Cir. R. 47B.

Before BOWMAN, BYE, and MELLOY, Circuit Judges.

PER CURIAM.

Federal inmate Hakeem A. Malik appeals the preservice dismissal of his civil rights action. Having carefully reviewed the record, *see Cooper v. Schriro,* 189 F.3d 781, 783 (8th Cir.1999) (per curiam) (applying *de novo* review), we conclude the District Court[1] properly dismissed the complaint because Malik's court-appointed defense counsel was not a government actor, *see Polk County v. Dodson,* 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Christian v. Crawford,* 907 F.2d 808, 810 (8th Cir.1990) (per curiam). We decline to consider Malik's conclusory allegations of conspiracy, which he did not mention below. Accordingly, we affirm. *See* 8th Cir. R. 47B.

**Hakeem A. MALIK, Appellant,**

v.

**Laine CARDARELLA; Federal Public Defender's Office, Appellees.**

No. 02–1783.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 7, 2003.

Decided Aug. 7, 2003.

**UNITED STATES of America, Appellee,**

v.

**Matthew MONKS, Appellant.**

No. 03–1625.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 5, 2003.

Decided Aug. 8, 2003.

1. The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.